IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMY D. GOMEZ, Administratrix of the Estate of STEVEN N. GOMEZ, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, TENNESSEE; SHELBY COUNTY, TENNESSEE; OFFICER JOSE FLORES, individually and in his official capacity; OFFICER ANTHONY HENDERSON, individually and in his official capacity; OFFICER VINCENT MACARAEG, individually and in his official capacity; LIEUTENANT ROOSEVELT TWILLEY, in his individual and official capacity; and JOHN DOES 1-15,<br><br>    Defendants. | Case No. 2:19-cv-02412-JPM-tmp |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING PLAINTIFF'S MOTION TO SEAL THE COMPLAINT**

Before the Court are Plaintiff Amy D. Gomez's March 31, 2020 Motion for Leave to Amend her Complaint and her accompanying Motion to File the First Amended Complaint Under Seal. (ECF Nos. 59, 50.) Plaintiff moves the Court pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2) for leave to file her Amended Complaint. (Id.; see Proposed Amended Complaint, ECF Nos. 59-1, 60-1.) Plaintiff seeks to amend her Complaint after receiving body cam footage from several of the Defendant Officers in this case, which were

produced by Shelby County on December 20, 2019 and January 7, 2020 in the course of discovery.  (ECF No. 59-4 at PageID 288–89.)  Defendants have not filed responses to the Motion for Leave to Amend.  Pursuant to the Local Rules, Defendants' failure to respond within the 14-day deadline imposed by the Local Rules indicates that Plaintiff's Motion for Leave is unopposed.[1]  L.R. 7.2(a)(2) ("Failure to respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.")  Because Defendants did not respond to the Motion for Leave, and because the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court **GRANTS** Plaintiff's Motion for Leave to File her Amended Complaint.

The Court, however, **DENIES** Plaintiff's Motion to file the Amended Complaint under seal.  (See ECF No. 60.)  Plaintiff has failed to meet her burden demonstrating that a compelling reason justifies sealing the Amended Complaint, and that sealing the entirety of the Amended Complaint would be narrowly tailored to achieve any such compelling interest.

It is a long-established legal principle that the public has the "presumptive right . . . to inspect and copy judicial documents and files."  In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978)); see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (noting the "strong presumption in favor of openness as to court records . . ." (quoting Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983)) (internal quotation marks omitted)).  A court may deny access to court files when the files "might have become a

---

[1] Plaintiff emailed the Court's ECF Inbox to inform the Court that Defendants do not oppose the Motion for Leave.  Although such information is helpful, the preferred method of informing the Court of such matters is by the filing a notice or motion on the Court's electronic filing system for purposes of preserving the record of the case.

vehicle for improper purposes," such as when the files are used to "gratify private spite or promote public scandal," or when used to "serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. The district court has "supervisory power over its own records and files" and may deny access when such exceptions are present. In re Knoxville, 723 F.2d at 474 (quoting Nixon, 435 U.S. at 598).

"The presumption of [judicial] openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court of California, Riverside Cty., 464 U.S. 501, 510 (1984). "The party seeking to seal records has the heavy burden of overcoming the 'strong presumption in favor of openness.'" Kondash v. Kia Motors Am., Inc., 767 F. App'x 635, 637 (6th Cir. 2019) (quoting Shane Grp., Inc., 825 F.3d at 305). The party seeking to seal the records must demonstrate three things: (1) "a compelling interest in sealing the records"; (2) "that the interest in sealing outweighs the public's interest in accessing the records"; and (3) "that the request is narrowly tailored." Id. If the party can show a compelling interest in keeping the documents unavailable to the public, then it must demonstrate why those compelling reasons "outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." Id. Meeting this burden requires the defendant to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Shane Grp., Inc., 825 F.3d at 305–06.

Plaintiff has not provided the detailed analysis necessary to meet her burden under controlling Sixth Circuit precedent. Plaintiff's Motion provides only a Memorandum of Law detailing the Rule 16 "good cause" standard and Rule 15(a)(2). (See ECF No. 59-4 at PageID

3

289–90.)  Plaintiff's Motion to Seal (see ECF No. 60) provides no compelling reasoning justifying the need to seal her Amended Complaint, nor has Plaintiff demonstrated that sealing the entirety of the Amended Complaint is narrowly tailored to achieve any such interest. Kondash, 767 F. App'x at 637; see also Shane Grp., 825 F.3d at 305–06.  Although redacting portions of the Amended Complaint may be appropriate, Plaintiff has made no such showing. Therefore, the Court finds that Plaintiff has not met her burden of overcoming the strong presumption in favor of the openness of judicial documents.

In summary, the Court **GRANTS** Plaintiff's Motion for Leave to Amend her Second Amended Complaint but **DENIES** her Motion to file the Amended Complaint under seal.

**SO ORDERED**, this 20th day of April, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE