# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMY D. GOMEZ, ADMINISTRATRIX OF THE ESTATE OF STEVEN N. GOMEZ, DECEASED; and DANIELLE MIA HARTHCOCK, on behalf of GABRIELLA HOPE GOMEZ, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) CITY OF MEMPHIS, TENNESSEE; ) SHELBY COUNTY, TENNESSEE; ) OFFICER JOSE FLORES, individually and ) in his official capacity; OFFICER A. ) HENDERSON, individually and in his ) official capacity; OFFICER VINCENT ) MACARAEG, individually and in his ) official capacity; LIEUTENANT ) ROOSEVELT TWILLEY, individually and ) in his official capacity; and JOHN DOE ) DEFENDANTS 1-15, ) ) Defendants. ) | Case No. 2:19-cv-02412-JPM-tmp |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND ORDER GRANTING PLAINTIFFS' MOTION FOR RULE 54(b) CERTIFICATION

Before the Court is the Plaintiffs' Motion for Reconsideration, or in the Alternative, for Rule 54(b) Certification, filed on May 5, 2021. (ECF No. 241.) Plaintiffs move the Court pursuant to Fed. R. Civ. P. 59(e) to reconsider its Order Granting Defendants City of Memphis and Shelby County's Motions for Summary Judgment (Summary Judgment Order, ECF No. 238), arguing that this Court did not consider evidence of Plaintiffs' expert and made factual determinations regarding the adequacy of the Defendants' training that were

inappropriate under the Fed. R. Civ. P. 56 standard. (ECF No. 241-1 at PageID 3787.) Alternatively, Plaintiffs move the Court pursuant to Fed R. Civ. P. 54(b) "to certify its summary judgment ruling as a final order." (Id.)

Defendant Shelby County filed a Response on May 17, 2021. (ECF No. 224.) Shelby County argues that because Plaintiffs do not challenge the Court's summary judgment ruling regarding the underlying constitutional violation, their Motion should be denied. (Id. at PageID 3798–99.) "Shelby County does not object to Plaintiff's request for Rule 54(b) certification of the summary judgment ruling in its favor as a final, appealable ruling." (Id. at PageID 3799.)

Defendant City of Memphis filed a Response on May 19, 2021. (ECF No. 245.) Memphis argues that "the Sixth Circuit has ruled that affidavits of expert witnesses do not salvage a case from being dismissed on summary judgment" and that Plaintiff's arguments in their Motion do not alter the Court's findings regarding the adequacy of the City's training. (Id. at PageID 3802.) The City does not object to Plaintiff's request for Rule 54(b) certification. (Id.)

For the reasons set forth below, Plaintiffs' Motion for Reconsideration is **DENIED** and Plaintiffs' Motion for Rule 54(b) Certification is **GRANTED**.

I.  **BACKGROUND**

On April 27, 2021, this Court entered its Summary Judgment Order. (ECF No. 238.) The Court found that as to the City of Memphis, "each of Plaintiffs' legal theories intended to establish that the City had a policy or custom that caused the alleged violation of a federal right fail[ed]." (Id. at PageID 3764.) As to Shelby County, the Court found "both that Plaintiffs [] failed to demonstrate an underlying constitutional violation attributable to the

2

County or its employees and that Plaintiffs' §1983 claim against the County fail[ed] under either a failure-to-train or a custom-of-tolerance theory[.]" (Id. at PageID 3770.)

On May 5, 2021, the Defendant Officers filed a Notice of Appeal as to the Court's Summary Judgment Order. (ECF No. 240.) That same day, Plaintiffs filed the instant Motion for Reconsideration. (ECF No. 241.) The Sixth Circuit entered an order holding the Defendant Officers' case in abeyance pending this Court's disposition of Plaintiffs' Motion. (ECF No. 243.) Shelby County and the City filed their Responses to Plaintiffs' Motion on May 17 and May 19, 2021, respectively. (ECF Nos. 244 & 245.)

## II. LEGAL STANDARD

"Under Rule 59(e), a party can move to "alter or amend a judgment" within 28 days of that judgment's entry." Cont'l Cas. Co. v. Indian Head Indus., Inc., 941 F.3d 828, 833 (6th Cir. 2019) (citing Fed. R. Civ. P. 59(e)). "The moving party may offer any of four reasons for the alteration or amendment: (1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" Id. (quoting Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010)). "[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)).

## III. ANALYSIS

*A. Motion for Reconsideration*

Plaintiffs argue that the Court's findings that "Memphis had adequate training, adequate supervision, and that Lt. Twilley did not have final decision making authority," as well as the Court's finding that Shelby County had adequate training, violated the Rule 56 standard requiring the Court to view the evidence in the light most favorable to the non-movants. (ECF No. 241-1 at PageID 3787–88.) Specifically, Plaintiffs argue that this Court failed to consider the affidavit and expert report of Kenneth Goodrum and Goodrum's opinion that the City's and the County's training and supervision was inadequate. (Id. at PageID 3789, 3791–92.) Plaintiffs also argue that the Court misapplied Bass v. Shelby Cnty., No. 07-2412-STA, 2010 WL 11597167 (W.D. Tenn. Jan. 4, 2010). (Id. at PageID 3790–91.)

Plaintiffs do not reference the Rule 59(e) legal standard in their Motion, apart from an introductory statement stating that they seek reconsideration pursuant to Rule 59. The Court interprets Plaintiffs' arguments as assertions that the Court made a "clear error of law" in not considering Goodrum's opinions, in misapplying Bass and in allegedly not viewing the evidence in the light most favorable to Plaintiffs, the non-movants.

Both the City and the County argue that an expert's opinion is insufficient on its own to overcome summary judgment. (See ECF No. 244 at PageID 3799; ECF No. 245 at PageID 3802.) However, even taking Plaintiffs' argument as correct that Goodrum's opinion would be sufficient to demonstrate a genuine issue of material fact as to the adequacy of the City's and the County's training, this argument fails to meet the Rule 59 standards.

First, Plaintiffs' only citations to Goodrum's report in their Responses to the City's and the County's Motions for Summary Judgment referred to Goodrum's opinion that the

4

Defendant Officers knew or should have know that Gomez ingested methamphetamine as well as marijuana and that the Defendant Officers' should have known that Gomez was in serious need of medical care. (See ECF Nos. 190-1 at PageID 2588 & 201-1 at PageID 3263.) Although Plaintiffs attached Goodrum's report in its entirety to their Responses, they did not cite with particularity to the sections of that report establishing his opinion as to the adequacy of the City's and the County's training, and the Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479–80 (6th Cir. 1989); see also Pharos Cap. Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (collecting cases). (See also ECF Nos. 190-4 at PageID 2662–64 & 201-4 at PageID 3335–37; see generally ECF Nos. 190-1 & 201-1.) That the Court did not directly consider an expert's opinion regarding training and supervision in its Summary Judgment Order is not a clear error of law justifying or requiring reconsideration where, as here, the Plaintiffs did not cite to that opinion in their briefing. See, e.g., Wimbush v. Wyeth, 619 F.3d 632, 638 n.4 (6th Cir. 2010) ("[I]t was [the non-moving party's] job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting him to sort it out.").

Second, the County correctly argues in its Response to Plaintiffs' Motion for Reconsideration that the Plaintiffs' failure to address the Court's holding that Plaintiffs did not establish an underlying constitutional violation as to the County or its employees defeats their Motion for Reconsideration. (ECF No. 244 at PageID 3798–99.) A different outcome upon reconsideration regarding the adequacy of the County's training would not alter the Court's grant of summary judgment as to the County absent the Plaintiffs' demonstrating a clear error

of law in the Court's finding on the issue of the underlying constitutional violation. Because Plaintiffs' do not argue that issue in their Motion, the Court **DENIES** the Plaintiffs' Motion for Reconsideration as to the County.

Third, as to the City, Plaintiffs do not directly address the issue of whether any inadequacy of training is a result of the City's deliberate indifference, a critical step of the analysis. The Court stated in its Summary Judgment Order that "[e]ven if the training program is inadequate, though, Plaintiffs must demonstrate that the inadequacy is a result of the City's deliberate indifference." (ECF No. 238 at PageID 3759.) Plaintiffs address this prong of the analysis only indirectly in their Motion for Reconsideration, by arguing that the Court misapplied Bass. (ECF No. 241-1 at PageID 3790–91.)

Plaintiffs argue that the underlying incident in Bass put the City on notice that they needed a specific policy related to drug ingestion, and not the court's opinion and findings. (Id.) The Court agrees that the underlying incident would be the primary source of notice that "a federal rights violation may be a highly predictable consequence of a failure to equip [employees] with specific tools to handle recurring situations." Winkler v. Madison Cnty., 893 F.3d 877, 903 (6th Cir. 2018) (internal citations omitted) (citing Shadrick v. Hopkins Cnty., 805 F.3d 724, 739 (6th Cir. 2015)). That incident, however, occurred when the City had no ingestion policy. The court's finding in Bass was that, even without a written ingestion policy, the plaintiffs did not present sufficient evidence to show that the City's "general medical policies were insufficient to respond to the needs of detainees suffering from drug consumption." 2010 WL 11597167, at *8. Here, Plaintiffs have not pointed to a single ingestion incident other than the one at issue in this case since the imposition of the ingestion policy. Plaintiffs have not demonstrated how, in light of the City's enacting a written policy

6

regarding ingestion following Bass, the need was obvious for more or different training on responding to the needs of detainees suffering from drug consumption. Therefore, Plaintiffs have not shown that the Court made a clear error of law in its Summary Judgment Order with respect to the Court's analysis of Bass.

As to the City, Plaintiffs also argue that the Court "bootstraps [Plaintiffs'] supervision claims to the failure to train claim" and that the Court failed to consider Goodrum's opinion regarding the adequacy of the City's supervision and the fact that the City punished Lt. Twilley for inadequate supervision. (ECF No. 241-1 at PageID 3791.) Plaintiffs' arguments in its Response to the City's Motion for Summary Judgment, however, focus entirely on Lt. Twilley's conduct and the City's investigation and punishment of him, arguing that the City's supervision is inadequate because the City does not adequately train its supervisors. (ECF No. 190-1 at PageID 2602.) Plaintiffs state that Lt. Twilley's inadequate supervision at the time of the incident in this case is "a single violation of federal rights when [evidence of such] is accompanied by a showing that the municipality failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." (Id.)

This argument is a failure to train argument, and not a failure to supervise argument. Plaintiffs are arguing, essentially, that Lt. Twilley's inadequate supervision constitutes an underlying constitutional violation and that this violation was caused by the City's failure to train. If the Court's Summary Judgment Order bootstraps the failure to supervise claim to the failure to train claim, it is because that is how Plaintiffs presented their claims. The Court considered each of Plaintiffs' arguments as to the City's alleged failure to supervise, as presented in Plaintiffs' Response to the City's Motion for Summary Judgment. (See ECF No. 238 at PageID 3761–62.) Plaintiffs once again did not cite to Goodrum's opinion regarding

7

the adequacy of supervision, and "the allegation of one instance of faulty supervision… is insufficient to state a plausible claim that inadequate supervision 'can justifiably be said to represent city policy.'" Sweat v. Butler, 90 F. Supp. 3d 773, 782 (W.D. Tenn. 2015) (quoting Howard v. City of Girard, 346 F. App'x 49, 51 n.2 (6th Cir. 2009)). Plaintiffs have not demonstrated that the Court made a "clear error of law" with respect to Plaintiffs' failure to supervise claims.

Finally, Plaintiffs state, without further argument, that the Court's finding that Lt. Twilley did not have final decision-making authority was made while viewing the evidence in the light most favorable to the movants and violated the Rule 56 standard. (ECF No. 241-1 at PageID 3787–88.) The Court's finding, however, was a legal conclusion and not a factual finding. (See ECF No. 238 at PageID 3762–63.) Case law clearly differentiates between discretionary or decision-making authority and final policymaking authority, and none of Plaintiffs' arguments as to Lt. Twilley support a finding that he had the authority to establish final policy with respect to any subject matters. (See ECF No. 190-1 at PageID 2602–04.) See Miller v. Calhoun Cnty., 408 F.3d 803, 814 (6th Cir. 2005) (quoting Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir. 1993)) (citing Pembaur v. City of Cleveland, 475 U.S. 469, 483 (1986)) ("'[M]ere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials.'"). In their Motion for Reconsideration, Plaintiffs do not point to any facts in evidence that demonstrate that Lt. Twilley had final *policy*-making authority, let alone that his decisions were unreviewable. Plaintiffs therefore fail to demonstrate that the Court made a clear error of law as to whether Lt. Twilley had final policymaking authority.

Because Plaintiffs have not demonstrated that the Court made a clear error of law in granting the City's Motion for Summary Judgment, the Court **DENIES** Plaintiffs' Motion for Reconsideration as to the City.

### B. *Motion for Rule 54(b) Certification*

Plaintiffs move, in the alternative, for a certification of the Court's Order Granting Summary Judgment as a final appealable order under Fed. R. Civ. P. 54(b). (ECF No. 241-1 at PageID 3792–93.) This Motion is unopposed by the City and the County (see ECF Nos. 244 at PageID 3799–3800 & 245 at PageID 3802–03), and the Court finds that there is "no just reason for delay" in entering final judgment in favor of the City and the County in this case. The Defendant Officers' appeal regarding this Court's denial of their qualified immunity is currently pending before the Sixth Circuit. (ECF Nos. 240, 242 & 243.) All claims in this case have been adjudicated by this Court, and the Defendant Officers' pending appeal involves the same underlying constitutional violation as the Plaintiffs' claims against the City and the County. See LeFever v. Ferguson, 567 F. App'x 426, 432 (6th Cir. 2014) (quoting Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986)) (discussing factors to consider when certifying a partial judgment). Therefore, Plaintiffs' Motion for Rule 54(b) Certification is **GRANTED**.

## IV. CONCLUSION

For each of the reasons set forth above, Plaintiffs' Motion for Reconsideration is **DENIED**. Plaintiffs' Motion for Rule 54(b) Certification is unopposed and is **GRANTED**. The Court will enter a Judgment as to Plaintiffs' claims against the City and the County.

**SO ORDERED**, this 29th day of June, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE